IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH R. WALTON,                              No. CIV S-06-1967-LKK-CMK-P

       Plaintiff,

  vs.                                                         FINDINGS AND RECOMMENDATIONS

JAMES TILTON, et al.,

       Defendants.

                             /

          Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's complaint (Doc. 1), filed on September 1, 2006.

          The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

1

1   This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne,
2   84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are
3   satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds
4   upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff
5   must allege with at least some degree of particularity overt acts by specific defendants which
6   support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it
7   is impossible for the court to conduct the screening required by law when the allegations are
8   vague and conclusory.

9           Plaintiff names the following as defendants: James Tilton, Susan Summerset,
10  Roseanne Campbell, and Hans Madave.  He also names ten "Doe" defendants.  Plaintiff alleges
11  that the California Department of Corrections and Rehabilitation's "no pork" policy constitutes
12  an impermissible establishment of religion by endorsing the Muslim faith to the exclusion of
13  other religious beliefs.[1]  Specifically, plaintiff asserts that the policy was adopted solely to avoid
14  litigation brought by Muslim inmates.  Plaintiff seeks declaratory judgment, injunctive relief,
15  and nominal damages.

16          Plaintiff's claim implicates the Establishment Clause of the First Amendment.
17  For a law to be constitutional under the Establishment Clause, it must: (1) have a legitimate
18  secular purpose; (2) not have the primary effect of either advancing or inhibiting religion; and
19  (3) not result in an excessive entanglement between government and religion.  See Lemon v.
20  Kurtzman, 403 U.S. 602 (1971).  Thus, for plaintiff to make out a prima facie case that the "no
21  pork" policy violates the Establishment Clause, he must first allege that the policy has no
22  legitimate secular purpose.  As to this element, plaintiff's claim necessarily fails because
23  plaintiff admits that the policy was adopted for the purpose of avoiding potential litigation.  This

---

25  [1]   The court notes that plaintiff specifically complains that the "no pork" policy is
    an adoption of the Muslim faith.  However, Judaism also forbids pork.  Therefore, the policy
26  cannot be an adoption of one particular faith.

1 is a secular purpose.  Plaintiff has not alleged that the policy was enacted exclusively for a
2 religious reason (for example, because prison officials think that only by avoiding pork can an
3 inmate find "salvation").

4     Plaintiff must also allege that the policy in fact has the primary effect of
5 advancing or hindering religion.  Again, plaintiff has alleged no facts to support such a
6 contention.  Finally, plaintiff must allege that the policy has resulted in excessive entanglements.
7 Plaintiff's conclusory statement that the policy creates excessive entanglements does not
8 constitute a factual allegation to support this element of the constitutional test.

9     Because it does not appear possible that the deficiencies identified herein can be
10 cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of
11 the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

12     Based on the foregoing, the undersigned recommends that This action be
13 dismissed and that the Clerk of the Court be directed to enter judgment and close this file.

14     These findings and recommendations are submitted to the United States District
15 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days
16 after being served with these findings and recommendations, any party may file written
17 objections with the court.  The document should be captioned "Objections to Magistrate Judge's
18 Findings and Recommendations."  Failure to file objections within the specified time may waive
19 the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

20

21 DATED:  October 2, 2006.

22

23                                     **CRAIG M. KELLISON**
24                                     UNITED STATES MAGISTRATE JUDGE

25

26